IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE WALSH, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 09-167 Erie |
| JOHN M. QUINN, FRANCIS J. KLEMENSIC, DENNIS P. BORCZON and MARTIN A. ACRI | ) |
| Defendants. | ) |

## OPINION

Plaintiff Catherine Walsh, acting *pro se*, commenced this action against Defendants John Quinn, Francis J. Klemensic, Dennis P. Borczon, and Martin A. Acri alleging violations of her right to procedural due process under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)(3), and 42 U.S.C. § 1986.[1] Ms. Walsh claims that she was deprived of her federal rights resulting in pain, suffering, and mental anguish and, therefore, should be entitled to punitive damages, costs, and attorney's fees. For the reasons stated herein, we will dismiss this claim *sua sponte* under the Civil Procedure Rule 12(b)(6).

### I.  Background

Ms. Walsh alleges that Defendants and Judge Bozza, while aware of her mental illness, participated in a conspiracy against her that violated 42 U.S.C. § 1983, 42 U.S.C. § 1985(2)(3), and 42 U.S.C. § 1986. Amended Compl. ¶ 1 (Compl.). The deprivation of her due process rights allegedly occurred between July, 2002, and July, 2005, during the time Judge Bozza presided

---

[1] Walsh's original complaint named as a defendant the Honorable Judge John A. Bozza of the Court of Common Pleas for Erie County, Pennsylvania, alongside the other defendants. She has since filed a Motion to Exclude Judge Bozza as Defendant and an Amended Complaint, in which she lists Judge John Bozza as an "immune co-conspirator." Amended Compl. p. 2 ¶ 1.

1

over Ms. Walsh's medical malpractice claim against Saint Vincent Hospital and Defendant Borzcon. Compl. ¶ 1. This malpractice case was based on treatment Ms. Walsh received from Saint Vincent Hospital during her pregnancy in 1998. Compl. ¶ 1.

In support of her allegations of a conspiracy, Ms. Walsh claims that Quinn and Klemensic represented Borczon, a psychiatrist, and Saint Vincent Hospital throughout the medical malpractice suit and that Borczon and Klemensic had a longstanding friendship prior to the suit. Compl. ¶ 12. Defendant Acri is allegedly part of the conspiracy to deprive Ms. Walsh of her right to procedural due process because of his actions during and after the 1998 pregnancy when he was Ms. Walsh's Mental Health Intensive Case Manager and was aware of the prenatal care received by Ms. Walsh. Compl. ¶ 20.

Ms. Walsh claims that the cause of action in the present suit stems from an article published in 2000 and read in July, 2007, from which she discovered that Judge Bozza's daughter was employed by Saint Vincent Hospital in the OB/GYN office. Plaintiff alleges that Judge Bozza was biased in the medical malpractice case due to his daughter's connection and his own favorable bias towards the defense attorneys Quinn and Klemensic. Compl. ¶ 1. Both Quinn and Klemensic have been sued by Ms. Walsh during 2007 in a similar § 1983 action for civil conspiracy. In that case, filed at C.A. 07-328E in this Court, we granted defendants' Motion to Dismiss and we dismissed the complaint on August 8th, 2008. The United States Court of Appeals for the Third Circuit affirmed on May 7th, 2009 (No. 08-3889). This instant action was filed two months later.

II. **Standard of Review 12(b)(6)**

In ruling on a Rule 12(b)(6) motion a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under

2

any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d 224, 233 (3d Cir. 2008), *quoting* Pinker, 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and *citing Twombley*, 550 U.S. 544, 563 n.8 (2007). To withstand a motion to dismiss under Rule 12(b)(6), the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Phillips*, 515 F.3d at 234, *quoting Twombly*, 550 U.S. at 555. "'Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id., *quoting Twombly,* 550 U.S. at 556. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of "the necessary element."'" *Phillips*, 515 F.3d at 234, *quoting Twombly*, 550 U.S. at 556 (quotations omitted).

Since Ms. Walsh has filed *pro se,* her complaint must be "liberally construed" and "held to less stringent standards that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.    Discussion

As in 2007, Ms. Walsh moves to attack a state court decision by claiming a civil conspiracy between Defendants and Judge Bozza, but has added two new parties and grounds for her claim to the previous suit. We must dismiss this case under Civil Rule of Procedure 12(b)(6).

#### A. Statute of Limitations

This Court has the power to dismiss a complaint *sua sponte* when it is clear on the face of the complaint that the action is untimely. *Speight v. Sims,* 2008 WL 2600723, at *2 (3d Cir. 2008) (In a suit involving a § 1983 claim the court found that "[a]lthough the statute of limitations is an affirmative defense, the District Court may sua sponte dismiss a claim on that basis if the defense is evident from the face of the complaint"); *see also Smith v. Delaware*

3

*County Court,* 2008 WL 101743, at *1-2 (3d Cir. 2008) (dismissing a claim as untimely and finding that "a district court may dismiss a complaint. . . where the defense is obvious from the complaint and no development of the factual record is required").

The Court must determine when the statute of limitations was actually tolled for the purposes of the civil conspiracy claim. As will be discussed *infra* the statute of limitations for Ms. Walsh's claim is two years. *See* 42 U.S.C. § 1986; *Jackson-Gilmore v. Dixon*, 2005 WL 3110991, at *4 (E.D.Pa. Nov. 18, 2005). Ms. Walsh asserts in her amended complaint that the cause of this action was around July 10th, 2007, when she read an article from 2000 that revealed a connection between Judge Bozza, his daughter, and Saint Vincent Hospital.Compl., p. 2. Accepting Ms. Walsh's claim that reading the newspaper article in July of 2007 is the cause of action in the current case would mean that the statute of limitations was not tolled until 2007.

However, the discovery rule does not apply to Ms. Walsh's case. In Pennsylvania the discovery rule provides that the statute of limitations begins to run when "the injured party 'knows, or in the exercise of reasonable diligence should have known, (1) that he has been injured, and (2) that his injury has been caused by another's conduct.'" *Gleeson v. Prevoznik,* 2007 WL 3307211, at *4 (3d Cir. Nov. 8, 2007) (quoting *Haines v. Jones,* 830 A.2d 579, 585 (Pa. Super. 2003)); s*ee also Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989) (a cause of action accrues when one "knew or should have known" of the alleged violation).

In *Gleeson* the Third Circuit Court of Appeals recognized that the plaintiff could have found out the identity of the defendant by means of reasonable diligence or even by naming "John Doe" defendants at an earlier point. *Gleeson*, 2007 WL 3307211, at *4. Similarly, in *Huertas v. City of Philadelphia*, 2006 WL 2092437, at *2 (3d Cir. July 27, 2006), the Court found that the discovery rule did not apply in the situation presented, in which the plaintiff had

been unaware of evidence that allegedly implied a conspiracy and consequently had been unaware of his injury, because the plaintiff had failed to use due diligence.

Similarly, this Court finds that Ms. Walsh was capable of discovering and alleging a conspiracy before 2007. The article, and alleged cause of action, had been published and available to the public in 2000 and there are no claims in the complaint that Ms. Walsh was obstructed from using due diligence to discover the relationship between Judge Bozza and his daughter or other evidence that she believes to indicate a conspiracy.

When the discovery rule does not apply, the tolling of the statute of limitations begins from the date of "each [harmful] overt act." *Id.*; *see also Graff v. Kohlman*, 2002 WL 112468 (3d Cir. 2002) ("This court has previously held that the statute of limitations for civil conspiracies runs separately for each overt act causing damage").

Ms. Walsh's allegation is undermined by an assertion in her original complaint, filed in 2007, in which she alleged that "In or about August 2006, the Plaintiff requested copies of her medical records and learned that Bozza's daughter had served as the Plaintiff's mid-wife who was licensed to work at Saint Vincent Hospital." Original Complaint C.A. 07-328E, ¶ 25.[2] Thus, this statement in the original complaint would consequently bar the cause of action by affirmation of the statute of limitations even without consideration of the discovery rule.

Ms. Walsh fails to allege any overt acts in continuance of the conspiracy after July 2005. Compl. ¶ 16 ("The civil rights violations by Judge Bozza and defendants Quinn, Klemensic, Borczon and Acri took place after Plaintiff's deposition in July of 2002 through July 2005). The last overt act can be said to have occurred in 2005.

---

[2] As discussed *supra*, this original action was dismissed on defendants' motion to dismiss. The United States Court of Appeals for the Third Circuit affirmed.

Since the last overt occurred four years ago, all of the civil conspiracy claims made by Ms. Walsh are time barred. 42 U.S.C. § 1986 states that, "no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." *See also Collins v. Sload*, 2007 WL 43380, at *3 (3d Cir. 2007) (upholding the application of the one year statute of limitations to a 1986 claim). The United States Court of Appeals for the Third Circuit has found 42 U.S.C. § 1985 claims of conspiracy and § 1983 claims have a two year statute of limitations. *Garland v. US Airways Inc.*, 2008 WL 564694, at *3 (3d Cir. 2008); *Collins v. Sload*, 2007 WL 43380, at *3 (3d Cir. 2007) (affirming a two year statute of limitations to a 1985 claim). *Jackson-Gilmore*, 2005 WL 3110991, at *4 (It is well established that for all claims brought under § 1983 and § 1985(3), federal courts apply the state's statute of limitations for personal injury actions... Pennsylvania's two-year statute of limitations for personal injury actions, 42 Pa.C.S. § 5524, therefore governs . . . claims under §§ 1983 and 1985").

We therein find that all claims brought by Ms. Walsh must be dismissed as untimely.

### B. Collateral Estoppel and *Rooker-Feldman*

Even if we do not dismiss this complaint for being untimely, this court has the power to dismiss a case *sua sponte* on the basis of collateral estoppel. *See Mackey v. Mendoza – Martinez*, 362 U.S. 384 (1960); *Tauro v. A Yet Unnamed Domestic Relations Worker Known as Worker ID $IATT*, 2006 WL 2374280 (3d Cir. 2006). Collateral Estoppel prevents harassment and preserves judicial economy. *Electro-Miniatures Corp. v. Wendon Co., Inc.*, 889 F.2d 41, 44 (3d Cir. 1989). Collateral estoppel is used to preclude the relitigation of an issue that was actually litigated, resulted in a final judgment, and was necessary to the outcome of the case. Id.

The *Rooker*-Feldman doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The rule ". . . is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision" and precludes the lower federal courts from reviewing decided issues whether they were "actually litigated or 'inextricably intertwined.'" *Parkview Associates Partnership v. City of Lebanon*, 225 F.3d 321, 324-25 (3d Cir. 2000). As was discussed in her prior suit, *Rooker-Feldman* and collateral estoppel preclude this court from taking jurisdiction over this case and has already been determined in a prior action to apply to the issue involved in this suit. *Walsh v. Quinn*, 2008 WL 3285877, at *3 (W.D.Pa. Aug. 8, 2008). In the previous suit we found that federal claim was intertwined with the decision of the Superior Court of Pennsylvania, which had affirmed the decision of the Court of Common Pleas to grant summary judgment and dismiss Ms. Walsh's medical malpractice action. Id. Again, as discussed in her prior suit, we refuse to find that the Judge decided wrongly and discourage a federal claim to be used as a "prohibited appeal of the state-court judgment." *Id.* (quoting *Pennzoil v. Texaco Inc.*, 481 U.S. 1 (1987)). *See also Newton v. Mizell*, 2009 WL 1931167, at *1 (3d Cir. 2009).

### C. Claim Preclusion for all Claims against Quinn and Klemensic

Res judicata clearly applies to the § 1983 claims against both Quinn and Klemensic since both defendants were explicitly named as defendants in the first suit brought by Ms. Walsh. *Walsh v. Quinn*, 2008 WL 3285877 (W.D.Pa. Aug. 8, 2008).

In the current case, Ms. Walsh adds claims not brought in her prior suit against both Quinn and Klemensic. However, *res judicata* is still applicable with respect to both the 1985(2) (3) claim and the 1986 claim. In *Sydnor v. Office of Personnel Management*, 2009 WL 1668610,

at *4 (3d Cir. 2009) the Third Circuit Court of Appeals found a subsequent action brought by the plaintiff was barred by *res judicata* because it attacked the "same decision challenged in his prior action (albeit not on the same grounds)." The *Sydnor* court further stated that, "[t]he Supreme Court has made clear that '[a] final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action.'" *Id.* (*quoting Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 (1981)); *see also Board of Trustees of Trucking Employers v. Centra,* 983 F.2d 495, 504 (3d Cir. 1992.

Accordingly, all claims against Klemensic and Quinn are hereby dismissed on the alternative grounds of *res judicata.*

### IV.     Conclusion

In dismissing this complaint we deny leave to amend the complaint. Leave to amend should be granted freely unless the amendment would result in "undue delay, bad faith . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice . . ., [and] futility . . ." *Foman v. Davis,* 37 U.S. 178, 182 (1962). This Court may deny leave to amend if amendments would be futile. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1435 (1997) ("'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted"). In this instance, Ms. Walsh cannot amend the complaint to state a claim on which relief could be granted because the litigation of this case would be time barred.

Accordingly, we *sua sponte* dismiss Plaintiff's complaint under Civil Rule of Procedure 12(b) (6) and deny leave to amend.

July 23, 2009                                     *Maurice B. Cohill, Jr.*
                                                  Maurice B. Cohill, Jr.,
                                                  Senior United States District Court Judge